RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/24/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

GRAYLYN GRIFFIN #458123      DOCKET NO. 10-CV-1892; SEC. P

VERSUS      JUDGE DEE D. DRELL

LYNN COOPER, WARDEN      MAGISTRATE JUDGE JAMES D. KIRK

### Order ~~REQUEST~~ FOR DOCUMENTS

Pro Se Petitioner, Graylyn Griffen, filed the instant civil rights complaint pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC), and he is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Petitioner attacks his 2002 conviction for armed robbery and the sentence imposed by the Twelfth Judicial District Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Facts and Background*

On February 26, 2002, Petitioner and four other men were charged with armed robbery in violation of La.R.S. 14:64. On August 7, 2002, Petitioner was tried and was convicted by a jury. He filed a Motion for Post Judgment Acquittal and a Motion for New Trial, which were denied. The following is a time line of the subsequent activity in the case:

- **September 24, 2002,** Petitioner was sentenced to forty years at hard labor, without benefit of probation, parole, or suspension of sentence, with credit for time served.

## DIRECT REVIEW

- **December 9, 2002**[1], Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeal.

- **March 5, 2003,** the Third Circuit affirmed. [Doc. #1, Exh.B] Petitioner did not seek writs in the Louisiana Supreme Court.

- **April 5, 2003,** his conviction and sentence became final.

## POST CONVICTION RELIEF

- **September 30, 2003,** Petitioner filed an application for post-conviction relief in the Twelfth Judicial District Court (12th JDC Div. B, No. 110,355) alleging ineffective assistance of counsel for failing to secure a preliminary hearing. [Doc. #1, p.45]

- **July 18, 2005,** Petitioner filed an "Original Supplemental Brief for Post-Conviction Relief" raising new assignments of error. [Doc. #1-2, p.143]

** **December 7, 2005,** *12th JDC denied original application for post-conviction relief. Petitioner has never received a copy of that ruling.*

- **December 13, 2005,** Petitioner filed a motion to compel an answer to his application in the 12th Judicial District Court, *which was granted by the court (despite it having already ruled on the application).*

- **December 13, 2005,** Petitioner sought a writ of mandamus in the Third Circuit Court of Appeal because his application for post-conviction relief had been pending for over two years.

- **December 23, 2005,** Petitioner file an amended application for post-conviction relief in the trial court.

- **February 27, 2006,** Third Circuit denied petition for writ of mandamus as moot since the 12th JDC had ruled on December 7,

---

[1]Petitioner argued on appeal that his attorney was ineffective because he represented Petitioner and a co-defendant, which limited the attorney's ability to cross-examine the co-defendant's step-brother, who was the primary witness for the state. He also argued that his sentence was greater than it would have been had his attorney been effective. [Doc. #1, Exh. B]

2

2005. (No: KH 05-01553) [Doc. #1-2, p.52]

- **May 9, 2006,** 3rd Circuit granted Petitioner's request for a copy of the ruling on his Amended application that he had filed on December 23, 2005. (No: KH 06-00337) [Doc. #1-2, p.64]

- **May 25, 2006,** 12th JDC denied Petitioner's Amended Application, because it was filed *after* the court ruled on the original application. [Doc. #1-2, p.66]

- **July 1, 2006,** Petitioner wrote letter to District Attorney requesting a copy of the ruling from December 2005. [Doc. #7, p.4]

- **July 4, 2007,** Petitioner asked Third Circuit Court of Appeals to provide him with reasons for ruling from December 2005.

- **December 4, 2007,** Petitioner filed "Motion for Leave/Extension of Time and Rule to Show Cause" as to why he never received a copy of the December 7, 2005 ruling. [Doc. #1-2, p.68-70]

    - **December 5, 2007,** 12th JDC sets evidentiary hearing for January 22, 2008.
    - **February 11, 2008,** evidentiary hearing reset for February 26, 2008.
    - **March 10, 2008,** evidentiary hearing reset for April 8, 2008 and attorney appointed. Petitioner was never brought to court for the hearing.

- **May 23, 2008,** Petitioner filed Motion to Recuse the Judge. [Doc. #1-2, p.90]

- **May 29, 2008,** Court denies Motion to Recuse after determining that a certified copy of December 7, 2005 order was sent to Petitioner's last known address at the time. [Doc. #1-2, p.93]

- **May 15, 2009,** Petitioner filed a "supplemental brief for post-conviction relief" in the Third Circuit Court of Appeal.

    - **October 21, 2009,** Third Circuit denied petitioner's "supplemental brief" as untimely pursuant to La.C.Cr.P. art. 930.8. [Doc. #1-2, p.3]

    - **November 20, 2009,** Petitioner sought a writ of review in the Louisiana Supreme Court [Doc. #1-2, p.129] which was denied

[Doc. #1-2, p.127].

To determine whether Petitioner is entitled to equitable tolling, more information is needed. *Particularly, the Third Circuit noted that the ruling on Plaintiff's PCR application had been issued by the trial court on December 7, 2005. However, a February 6, 2006 docket sheet, submitted as an exhibit by Petitioner, lacks any entry indicating that such a ruling had been made. Thus, even if the ruling was signed on December 7, 2005, it is unclear when it was filed into the record and when a copy was allegedly mailed to Petitioner.*

Therefore,

**The Clerk of Court is directed to mail a copy of this order, via First Class Mail, to the District Attorney, Twelfth Judicial District Court, Avoyelles Parish Louisiana.**

Thereafter, the District Attorney is **REQUESTED** to provide the following **WITHIN SIXTY (60) DAYS OF THIS DATE:**

A certified copy of the trial court's **December 7, 2005 Ruling on post-conviction relief, and reasons for ruling,** as well as a certified copy of the **complete docket sheet** of Petitioner's criminal matter from the 12th JDC, Docket No. 110,355.

<u>**THE DISTRICT ATTORNEY IS HEREBY ADVISED – THIS IS NOT AN ORDER FOR SERVICE OF PROCESS REQUIRING A FULL RESPONSE.**</u> **THIS MATTER**

REMAINS ON INITIAL REVIEW. THE DOCUMENTS ARE REQUESTED IN ORDER TO ENABLE THE UNDERSIGNED TO CONCLUDE AN INITIAL REVIEW AND TO DETERMINE WHETHER PETITIONER IS ENTITLED TO EQUITABLE OR STATUTORY TOLLING.

The district attorney's failure to comply with this request will result in this matter be served in its entirety, requiring a full response on all issues.

Thus done and signed at Alexandria, Louisiana, this ___ day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE