RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/30/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GRAYLYN GRIFFIN,<br>    Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:10-CV-01892 |
| VERSUS | |
| WARDEN, AVOYELLES CORRECTIONAL CENTER,<br>    Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Graylyn Griffin ("Griffin") on December 13, 2010 (Doc. 1) and amended on March 25, 2011 (Doc. 7). Griffin is contesting his 2002 conviction and sentence by a jury in the Louisiana 12th Judicial District Court, Avoyelles Parish, on one count of armed robbery.[1] Griffin was

---

[1] The facts of this case as set forth by the Louisiana Third Circuit Court of Appeal at State v. Griffin, 02-1341 (La. App. 3d Cir. 3/5/03),839 So.2d 1148, are as follows:
    "On December 30, 2001, Floyd Lambert, the assistant manager of the Piggly Wiggly store in Bunkie, Louisiana, was robbed as he walked to his truck after closing the store. He carried a money bag containing seven thousand dollars in cash and checks, which he was to deposit at a local bank. As he approached his truck, a man armed with a shotgun jumped up from the bed of the truck and demanded that he give him the money or he would be killed. Mr. Lambert refused, and the man demanded the money a second time. The man jumped out of the truck; at the same time, Mr. Lambert reached for the door handle on his truck. When he did, the man hit him on the head and face several times with the butt of the shotgun, knocking him to the ground. Mr. Lambert testified that he passed out for five to ten seconds.

sentenced to forty years imprisonment and is presently incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.

The Respondent answered the petition, arguing that Griffin's petition is untimely or procedurally barred (Docs. 18, 19).

Prescription

1. Law

Pursuant to 28 U.S.C. § 2244(d)(1), a habeas petitioner has a one year period of limitation for filing an application for habeas relief, as set forth below in pertinent part:

> "(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

When he looked up, the man had the money bag and was running toward the street. He could not identify the man, who had a knit hat pulled down over his face.

"An attorney was appointed to represent Defendant and one of his co-defendants, Tabauchgrick Harrell. Defendant and Mr. Harrell were not tried together.

"Jonathan Perry, another co-defendant, testified at Defendant's trial that Defendant was the man with the gun who hit Mr. Lambert and ran off with the money bag. Mr. Perry pled guilty to armed robbery in exchange for a sentence of ten years without benefit of probation, parole, or suspension of sentence on the condition that he provide truthful testimony regarding his co-defendants."

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

## 2. Facts

Griffin was convicted and sentenced in 2002, and his conviction became final on March 19, 2003, fourteen days after the Louisiana Third Circuit Court of Appeal affirmed Griffin's conviction on direct appeal. La.C.Cr.P. art. 922. Griffin did not apply for writs to the Louisiana Supreme Court.

Griffin filed an application for post-conviction relief on September 30, 2003 (Doc. 22, Vol. 1, p. 1) and filed a supplemental brief which he signed on July 18, 2005 (the filing date is illegible) (Doc. 22, Vol. 1, p. 10) which he amended on December 30, 2005 (Doc. 22, Vol. 1, p. 43). The state District Judge denied Griffin's application for post-conviction relief with reasons on December 7, 2005 (Doc. 22, Vol. 1, p. 40).

On December 13, 2005, Griffin filed a motion to compel the District Attorney to answer his supplemental application for post-conviction relief (Doc. 1, Ex. p. 49/143), which the District Judge granted, giving the District Attorney until January 6, 2006 to file

a response (Doc. 1, Ex. p. 50/143).

Griffin filed an application for a writ of mandamus on December 13, 2005, which the Third Circuit Court of Appeal denied on February 27, 2006 (Doc. 22, Ex. Vol. 1, p. 52/143). The Court of Appeal also denied a writ application on May 9, 2006 and an application to reopen the writ of mandamus on June 2, 2006 (Doc. 22, Vol. 1, p. 58).

On March 8, 2006, Griffin filed a motion with the Third Circuit Court of Appeal for a copy of the District Judge's December 7, 2005 ruling, and a motion to compel the District Attorney to answer and to enforce the order; those motions were denied on May 9, 2006 (Doc. 1, Ex. p. 64/143). Griffin also moved for a copy of the District Judge's ruling on the amendment to the supplemental post-conviction relief application which the Court of Appeal granted and ordered the trial judge to comply within thirty days of the May 9, 2006 ruling (Doc. 1, Ex. p. 64/143).

However, as set forth above, on December 13, 2005, Griffin filed a motion to compel the District Attorney to answer his supplemental application for post-conviction relief (Doc. 1, Ex. p. 49/143), which the district judge granted, giving the District Attorney until January 6, 2006 to filed a response (Doc. 1, Ex. p. 50/143). The District Judge issued a written ruling on May 25, 2006, denying Griffin's amendment to his supplemental application for post-conviction relief as untimely (Doc. 1, Ex. p. 66/143).

On December 4, 2007, Griffin filed a motion/rule to show cause, contending that, due to that error and a lack of notice of the December 7, 2005 judgment, he had been unaware of the December 7, 2005 ruling on his application for post-conviction relief and essentially asked for an out-of-time appeal (Doc. 1, Ex. p. 68/143). The district judge scheduled an evidentiary hearing to be held on April 8, 2008 (Doc. 1, Ex. p. 82/143), but it does not appear that the hearing was ever held. However, a ruling denying the Griffin's motion/rule to show cause was issued on May 29, 2008, noting that the Avoyelles Parish Clerk of Court employees had informed the Judge that copies of his December 7, 2005 and May 25, 2006 rulings had been sent to Griffin and his former defense attorney (Doc. 1, Ex. p. 93/143). The district judge also ordered the Clerk of Court to send Griffin another copy of his rulings (Doc. 1, Ex. p. 93/143). A finding as to whether and when Griffin had actually received the December 7, 2005 ruling was not made.

Griffin appealed the district judge's ruling on May 15, 2009; that appeal was denied on October 21, 2009, holding Griffin's original application for post-conviction relief, filed in July 2005, was untimely (Doc. 22, Ex. Vol. 1, p. 101). The Louisiana Supreme Court denied writs on November 12, 2010 (Doc. 1, Ex. p. 127/143). Since Griffin did not apply for writs to the United States Supreme Court, that Louisiana Supreme Court's judgment became final on November 26, 2010. See La.C.Cr.P. art. 922.

Griffin filed this habeas petition on December 13, 2010.

### 3. Analysis

The Respondent contends Griffin's habeas petition should be dismissed because it is either untimely or procedurally barred. Griffin essentially argues that he is entitled to equitable tolling because he has been diligent about pursuing his state court remedies, but he never received the district court's December 7, 2005 ruling, which caused delays in his pursuit of state post-conviction relief and federal habeas relief.

The one year limitation period for filing a habeas petition under Section 2254 is not jurisdictional and is subject to equitable tolling. Lewis v. Cockrell, 33 Fed. Appx. 704, *2 (5th Cir. 2002), citing Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. den., 526 U.S. 1074, 119 S.Ct. 1474 (1999). Tolling is appropriate, however, only in "rare and exceptional circumstances." Lewis, 33 Fed. Appx. at *2, citing Davis, 158 F.3d at 810. The doctrine of equitable tolling is generally appropriate in two situations: (1) where the petitioner is actively misled by the respondent about the cause of action, or (2) the petitioner is prevented in some extraordinary way from asserting his rights. In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. Coleman, 148 F.3d at . The habeas petitioner bears the burden of establishing entitlement to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th

6

Cir. 2000), modified on other grounds, 223 F.3d 797 (5th Cir. 2000).

Griffin had one year to file his federal habeas petition. Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward the one year limitation period. Even discounting many of the delays in Griffin's case due to not having received notice of the December 7, 2005 judgment of the state District Court, it is clear that Griffin was aware there was a judgment by March 8, 2006, when he filed a motion for writ of mandamus with the state Court of Appeal to obtain a copy of the state District Court's December 7, 2005 ruling.

Griffin did not file a motion for an out of time appeal until December 4, 2007, about 21 months after he filed a motion for writ of mandamus stating he was aware of the December 7, 2005 ruling, and nineteen months after he obtained a ruling on his supplemental claims.

The fact that Griffin allowed nineteen months to lapse after the District Judge ruled on his supplemental claims before moving for an out of time appeal shows a lack of diligence which does not warrant equitable tolling. See Stroman v. Thaler, 603 F.3d 299 (5th Cir. 2010), and cases cited therein. Since Griffin has not carried his burden of proving that his one year limitation for filing his habeas petition should be equitably tolled, Griffin's habeas

petition should be dismissed as untimely.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Griffin's Section 2254 habeas petition be DENIED AND DISMISSED WITH PREJUDICE

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from**

8

service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana on the 27th day of January, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE